JAMES P. KEMP, ESQUIRE
Nevada Bar No. 006375
KEMP & KEMP, ATTORNEYS AT LAW
7435 W. Azure Drive, Suite 110,
Las Vegas, NV  89130
(702) 258-1183/(702) 258-6983 (fax)
jp@kemp-attorneys.com
Attorney for Plaintiff GUADALUPE ORTIZ

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
* * *

GUADALUPE ORTIZ,

                Plaintiff,

vs.

ALS USA INC., a Nevada Corporation.

                Defendant.

Case No.:  3:21-cv-335

**COMPLAINT**

JURY TRIAL DEMANDED

COMES NOW THE PLAINTIFF, by and through his counsel, JAMES P. KEMP, ESQ., of KEMP & KEMP, ATTORNEYS AT LAW, and states and alleges causes of action against the Defendant(s) as follows:

**I.      JURISDICTION AND VENUE**

This court has subject matter jurisdiction pursuant to pursuant to 28 U.S.C. § 1331 because the acts and omission raised herein present a federal question under the Age Discrimination in Employment Act of 1967 (ADEA), and the Americans with Disabilities Act of 1991 as amended in January 2009 (ADA). The court has supplemental jurisdiction over the state law claims set forth herein under 28 U.S.C. § 1367.  The court has jurisdiction over the parties hereto as they are all residents of Nevada or have regular and ongoing business operations in Nevada and are registered to do business in Nevada.

1

Venue is proper in the United States Court for the District of Nevada, and in the unofficial Northern Division of the court, pursuant to 28 U.S.C. § 1391(b)(1) because all events or omissions giving rise to Plaintiff's claims occurred in the District of Nevada, Elko County.

## II.    CLAIMS FOR RELIEF

### ALLEGATIONS COMMON TO ALL CLAIMS

1. This is a civil action for damages under federal statutes prohibiting discrimination and to redress deprivation of rights under these laws, as well as claims under the common law of Nevada and NRS Chapter 613.

2. Plaintiff's federal statutory claims arise under the Age Discrimination in Employment Act of 1967 and the Americans with Disabilities Act of 1991, as amended.

3. Defendant ALS USA INC. (herein Defendant ALS), is a Nevada Corporation duly formed and authorized to conduct business under the laws of the state of Nevada. "Defendant ALS" or just "Defendant", as a fictional legal entity, can only operate through its agents, managers, and employees, and Defendant APL is vicariously liable for the acts and omissions committed by those agents, managers, and employees in the course of operating the Defendant's business, including in their dealings with the Plaintiff in his employment.

4. As Plaintiff's employer during the relevant time period, Defendant was operating a business within the State of Nevada. Defendant was engaged in an industry affecting commerce and employed more than 500 employees in the two calendar years preceding the events in question.

5. As an employer in Nevada, Defendant is required to comply with all state and federal statutes which prohibit age and disability discrimination, as well as retaliation.

6. Plaintiff is and was at the times relevant to this complaint, a resident of Elko County, Nevada who was over the age of 40 and was, in fact, 61 years old at the time of the events complained of herein.

## FACTS

10. Plaintiff was employed by Defendant at its Elko, Nevada geochemistry facility as a Sample Technician from on or about August 14, 1995 until on or about March 5, 2020, a period of nearly 25 years.

11. Plaintiff was the oldest employee on his shift at Defendant ALS.

12. Plaintiff was a good employee and enjoyed a successful tenure and performed his duties in a manner that met or exceeded the reasonable expectations of the Defendant.

13. On or about January 24, 2020 Plaintiff and his co-workers (younger than Plaintiff) were laid off.

14. Plaintiff was told that this was a temporary layoff and it was not uncommon for these temporary layoffs to occur from time to time as part of Defendant ALS's normal business cycle.

15. Up until the January 24, 2020 layoff, Plaintiff had always been called back and returned to work after the periodic temporary layoffs.

16. On or about February 27, 2020 Plaintiff became aware that his co-workers (younger than Plaintiff) had been called back to work by Defendant ALS.

17. Some of the reinstated co-workers had only been employed by Defendant ALS for about four months, while Plaintiff had 25 years of seniority.

18. Plaintiff was not called back to work on or about February 27, 2020.

19. By March 5, 2020 Defendant ALS had posted or advertised openings for the job title/position that Plaintiff had held until the January 24, 2020 layoff. The advertisement stated that a recruitment bonus would be paid to those that were hired.

20. Plaintiff inquired about the job posting/advertisements of his job title/position with ALS Supervisor Dan Smith (aged in his 30s) and asked why he was not called back to work.

21. Supervisor Dan Smith did not answer the question and only said that Plaintiff could apply for the position again and compete with outside applicants for the job. This was stated with the

clear implication that even if he did apply, Plaintiff would not be hired.

22. That same day, March 5, 2020, Plaintiff's employment status changed to "terminated" on his employee profile.

23. Starting in 2016, and each year after that, Defendant ALS's doctors repeatedly claimed that Plaintiff did not pass his yearly respiratory test, and as a result Plaintiff would be given a layoff notice. Each of those years Plaintiff would have to complete his own independent respiratory test through his own personal doctor or at the hospital. The tests obtained by Plaintiff always showed that he passed the testing with no issues. Only then would Defendant ALS return him to work. No other employee was subjected to this treatment to Plaintiff's knowledge.

24. Plaintiff contends that the circumstances surrounding his annual respiratory testing was aimed at severing Plaintiff's employment and was based on discrimination due to Plaintiff's age.

25. Plaintiff was regarded as disabled by Defendant ALS.

26. On several occasions Human Resources Manager Rachel (last name unknown) told Plaintiff that they were getting "tired" of his repeatedly passing the respiratory test with independent doctors when the company doctor had failed him. This was said to Plaintiff in a sarcastic and condescending manner.

27. Plaintiff also began to be deliberately assigned heavier workloads as compared to his younger counterparts and Plaintiff contends that this unequal distribution of the work was done to discourage Plaintiff from continuing in the employment and to get him to quit his job. But Plaintiff did not quit.

28. Subsequent to his termination Plaintiff was informed by an ALS employee that Defendant ALS had terminated Plaintiff's employment because he was "old and sick" and that Defendant ALS "did not want to run the risk" of Plaintiff experiencing "a medical episode while at work."

29. Plaintiff timely filed charges of age discrimination and disability discrimination, and retaliation

4

under the ADA, ADEA, and NRS Chapter 613 on April 3, 2020 by submitting a sworn intake questionnaire seeking to file a formal charge and on August 10, 2020 Plaintiff timely filed a formal charge of discrimination and retaliation with the Nevada Equal Rights Commission (NERC) which was simultaneously dual-filed with the U.S. Equal Employment Opportunity Commission (EEOC) pursuant to the worksharing agreement between the two agencies.

30. Plaintiff has exhausted all required administrative avenues through the NERC and the EEOC. Both agencies have issued Notice of Suit Rights for Plaintiff's claims under the ADA, ADEA, and NRS Chapter 613 for disability discrimination and age discrimination under NRS Chapter 613.

31. This action was timely filed.

**FIRST CLAIM: VIOLATION OF AGE DISCRIMINATION IN EMPLOYMENT ACT**

All other Paragraphs of this Complaint are expressly incorporated here by reference as if fully reasserted, alleged, and set forth herein.

32. The Defendant's acts, and Plaintiff's damages, were motivated and caused by the Defendant's discrimination against the Plaintiff because of his age, 61 at the time, and as such the acts constituted discrimination against Plaintiff with respect to his compensation, terms, conditions, or privileges of employment in violation of the Age Discrimination in Employment Act and specifically 29 U.S.C. § 623 (a).

33. The Defendant's discriminatory attitude toward older workers, including Plaintiff, has the effect of resulting in employment decisions regarding older workers, including Plaintiff, which are discriminatory in relation to their compensation, terms, conditions, or privileges of employment in violation of the Age Discrimination in Employment Act.

34. Plaintiff was terminated from his job because of his age.

35. Plaintiff was not hired by Defendant ALS because of his age.

5

36. The Defendants' acts of age discrimination in violation of the Age Discrimination in Employment Act were willful.

37. Plaintiff suffered damages including but not limited to lost wages and benefits of employment.

38. Plaintiff is entitled to all remedies available under the ADEA and hereby claims entitlement to all appropriate remedies pursuant to 29 U.S.C. § 626 (b) including, but limited to, the following: money damages for lost wages and benefits and any other actual money damages caused by Defendants' violation of the ADEA; liquidated damages as provided for under the ADEA; interest as provided for under the ADEA and other law; equitable and/or injunctive relief including employment, reinstatement, and/or promotion as provided for by the ADEA and/or front pay in lieu of employment or reinstatement as provided for by the ADEA and/or front pay in lieu of employment or reinstatement.

39. Plaintiff is entitled to recover costs and reasonable attorney fees pursuant to pursuant to 29 U.S.C. § 626 (b) (incorporating remedies under the FLSA) for having to incur costs and fees associated with the exercise of his legal rights and remedies through this action.

40. Plaintiff filed a charge with the EEOC and the NERC and more than 60 days has expired since the date of that charge.

**SECOND CLAIM: VIOLATION OF AMERICANS WITH DISABILITIES ACT**

All other Paragraphs of this Complaint are expressly incorporated here by reference as if fully reasserted, alleged, and set forth herein.

41. Plaintiff is a qualified person with a disability as those terms are defined by the Americans with Disabilities Act.

42. Plaintiff has a physical condition that limits him in one or more of his major life activities. In the alternative Plaintiff was regarded as disabled by Defendant ALS.

43. Plaintiff is capable of performing all of the essential functions of his job with the Defendant

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. AZURE DRIVE, SUITE 110
LAS VEGAS, NEVADA 89130
TEL. (702) 258-1183 ✦ Fax (702) 258-6983

with or without a reasonable accommodation. He has years of experience in the field and type of work that he was hired to perform for Defendant.

44. There were one or more reasonable accommodations that would permit the Plaintiff to perform the essential functions of his employment. These may have included a leave of absence to permit Plaintiff to heal, job restructuring, provision of assistive equipment, job reassignment, or other accommodations recognized as reasonable accommodations under the ADA.

45. Defendants failed to provide a reasonable accommodation and failed to engage in the required individualized interactive process to determine a reasonable accommodation.

46. Plaintiff was discharged from employment with Defendant in whole or in part because of the Plaintiff's disability or perceived disability.

47. Plaintiff was not hired by Defendant in whole or in part because of his disability or perceived disability.

48. Plaintiff was discriminated against in the terms, conditions, or privileges of employment by Defendant in violation of 42 U.S.C. § 12112.

49. Any reasonable accommodation that the Plaintiff could have been provided would not have constituted an undue hardship on the Defendant.

50. Plaintiff's employment under a reasonable accommodation would not have resulted in a direct threat to the health or safety of others.

51. Defendant's actions were undertaken with knowing or reckless disregard for Plaintiff's rights under the ADA making punitive or exemplary damages appropriate to award to Plaintiff and against Defendant to punish and to deter such conduct in the future.

52. Plaintiff is entitled to all remedies available under the Americans With Disabilities Act, as amended.

7

### THIRD CLAIM: AGE DISCRIMINATION IN VIOLATION OF NRS 613.330

Plaintiff repeats and re-alleges each and every pertinent allegation contained in and every other pertinent paragraph contained in this Complaint, as if set forth fully herein.

53. Plaintiff was discriminated against and discharged from his employment because of his age.
54. Defendant failed or refused to hire or discharged Plaintiff, or otherwise discriminated against Plaintiff with respect to Plaintiff's compensation, terms, conditions or privileges of employment, because of his age in violation of NRS 613.330(1)(a).
55. Plaintiff was limited, segregated, or classified in a way so as to deprive him of the benefits of his employment with Defendant in violation of NRS 613.330(1)(b).
56. Plaintiff is entitled to the relief available under NRS 613.432.

### FOURTH CLAIM: DISABILITY DISCRIMINATION IN VIOLATION OF NRS 613.330

Plaintiff repeats and re-alleges each and every pertinent allegation contained in and every other pertinent paragraph contained in this Complaint, as if set forth fully herein.

57. Plaintiff was discriminated against and discharged from his employment because of his disability.
58. Defendant failed or refused to hire or discharged Plaintiff, or otherwise discriminated against Plaintiff with respect to Plaintiff's compensation, terms, conditions or privileges of employment, because of his disability in violation of NRS 613.330(1)(a).
59. Plaintiff was limited, segregated, or classified in a way so as to deprive him of the benefits of his employment with Defendant in violation of NRS 613.330(1)(b).
60. Plaintiff is entitled to the relief available under NRS 613.432.

///

///

KEMP & KEMP
ATTORNEYS AT LAW
7435 W. AZURE DRIVE, SUITE 110
LAS VEGAS, NEVADA 89130
TEL. (702) 258-1183 ♦ Fax (702) 258-6983

## III. DEMAND FOR JUDGMENT FOR RELIEF

<u>WHEREFORE</u>, the Plaintiff Prays Judgment against the Defendant and requests relief as follows:

1. For all remedies available under the State and Federal Statutes giving rise to the claims set forth herein;
2. For actual and compensatory damages in an amount to be determined by a jury at trial;
3. For general damages in an amount to be determined by a jury at trial;
4. For Punitive and/or Exemplary damages in an amount to be determined by a jury at trial;
5. For liquidated damages under the Age Discrimination in Employment Act;
6. For nominal damages if appropriate;
7. For Attorney fees;
8. For costs of suit;
9. For pre-judgment interest;
10. For an appropriate award of money to offset and ameliorate any adverse tax consequences that may be imposed upon Plaintiff;
11. For a trial by jury of all issues that may be tried to a jury;
12. For equitable and injunctive relief including reinstatement to employment, or front pay in lieu of reinstatement as set forth herein;
13. For such other and further relief as the court may deem just and equitable.

DATED this 3rd day of August, 2021.

                    /s/ James P. Kemp
JAMES P. KEMP, ESQUIRE
Nevada Bar No. 006375
KEMP & KEMP
7435 W. Azure Drive, Suite 110,
Las Vegas, NV  89130
(702) 258-1183/ (702) 258-6983 (fax)
jp@kemp-attorneys.com
Attorney for Plaintiff GUADALUPE ORTIZ